UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SHERRY HOUCK PHILEN** | * | **CIVIL ACTION NO. 11-1609** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ET AL** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for partial summary judgment filed by Plaintiff Sherry Houck Philen [doc. # 12] regarding the standard of review to be applied in this ERISA case. For reasons explained below, it is recommended that the motion for partial summary judgment [doc. # 12] be DENIED.

### Background

On September 5, 2011, Sherry Houck Philen ("Philen") filed the instant complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., against Hartford Life and Accident Insurance Company ("Hartford") – the fiduciary for the employee welfare benefit plan ("the Plan") sponsored by her former employer, Kilpatrick Life Insurance Company. *See* Compl.; Plan HART/PHILEN-00007. Plaintiff contends that Hartford wrongfully denied her disability benefits under the Plan. *See* (Compl.). Accordingly, she seeks a judgment ordering Hartford to pay her the disability benefits that were wrongfully denied, injunctive relief for the payment of future benefits for as long as Plaintiff remains disabled, an equitable surcharge for the losses sustained by Plaintiff, penalties for the failure and refusal to produce document requirements, and attorney's fees. *Id*.

On March 19, 2012, the Court ordered the parties to file, within 60 days, "a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:

    a.    whether ERISA governs the employee benefit plan at issue,

    b.    whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan, and

    c.    whether ERISA preempts all state law claims related to the employee benefit plan at issue.

March 19, 2012, Civil Case Mgmt. Order [doc. # 10].

Pursuant to the foregoing instructions, Plaintiff and Defendant filed a joint-stipulation on May 17, 2012, stipulating that:

    1.    ERISA governs the policy and issues in this case;

    2.    ERISA preempts all state law claims; and

    3.    The Certificate of Insurance attached to the police at issue contains the following discretionary language:

        When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy.

May 17, 2012, Stipulation re Case Mgmt. Order [doc. #11].

However, the parties did not agree on whether the above language "provides Hartford with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan." *Id.*

Thereafter, Plaintiff filed the instant motion for partial summary judgment. Plaintiff contends that the Plan does not grant the administrator discretionary authority to determine benefit eligibility; and therefore, the appropriate standard of review is *de novo*.

On June 10, 2011, Hartford filed its opposition to Plaintiff's motion [doc. #21]. Hartford argues that the Plan vested the fiduciary with discretionary authority to determine benefit eligibility, and in the alternative, argues that the issues in the case present a question of fact; thus, the decision to deny benefits must be reviewed under an abuse of discretion standard.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of

the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

**1. Hartford's denial of disability benefits and determination that Plaintiff was not disabled is a factual determination and therefore is subject to review under an abuse of discretion standard.**

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans' and 'to protect contractually defined benefits.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 393 (5th Cir. 1998)(citation omitted). To achieve these goals, ERISA

---

[1] I.e., beyond doubt.

4

requires every employee welfare benefit plan to,

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

When deciding whether to pay or deny benefits, a plan administrator must make two general types of determinations: "[f]irst, [s]he must determine the facts underlying the claim for benefits. . . . Second, [s]he must then determine whether those facts constitute a claim to be honored under the *terms* of the plan." *Schadler*, 147 F.3d at 394 (citation omitted) (emphasis in original). If a plan participant has been denied benefits, then ERISA permits a claimant to bring suit in federal court "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

Under ERISA, the factual determinations made by the plan administrator or fiduciary are reviewed for abuse of discretion. *Southern Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 100-101 (5th Cir. 1993) (citing *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552 (5th Cir.1991)). However, a plan administrator's interpretation or application of the plan is reviewed de novo "'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Aboul-Fetouh v. Employee Benefits Committee*, 245 F.3d 465, 471-472 (5th Cir. 2001) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956-57 (1989)).

The Court emphasizes that " the administrator's factual determinations are reviewed for abuse of discretion, regardless of the administrator's ultimate authority to determine benefit

5

eligibility." *Chacko v. Sabre, Inc.*, 473 F.3d 604, 610 (5th Cir. 2006) (citations omitted). Moreover, when "a challenge to a denial of benefits . . . disputes whether an individual's conditions qualify as a disability, the inquiry involves factual determinations . . .[,]" which is subject to review for abuse of discretion. *McDonald v. Hartford Life Group Ins. Co.*, 361 Fed. Appx. 599, 607 (5th Cir. Jan. 19, 2010) (unpubl.) (citing *Wade v. Hewlett-Packard Development Co. LP Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir. 2010)); *see also Bellaire General Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 828 (5th Cir. 1996) (accepting Plan Administrator's concession that decisions regarding medical necessity were factual determinations); *Johnson v. Hartford Life Ins. Co.*, 2008 WL 544465, 2 (W.D. La. Feb. 27, 2008) (Hicks, J.), *affirmed*, 304 Fed. Appx. 346 (5th Cir. Jan. 5, 2009) (plan insurer's decision that plaintiff was not disabled is a factual determination) (citing *Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 214 (5th Cir.1999)).

Here, Hartford denied benefits because it determined that the evidence on file did not support a finding that Philen was disabled. *See* July 7, 2009, Letter from Hartford to Pl., HART/PHILEN-00133.[2] In so deciding, Hartford determined that Philen retained the ability to

---

[2] Under the Plan:

> Disability or Disable means that You satisfy the Occupation Qualifier or the Earnings Qualifier as defined below.
>
> **Occupation Qualifier**
> "*Disability*" means that during the *Elimination Period* and the following 24 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that You are:
> 1. continuously unable to perform the *Material* and *Substantial Duties* of *Your Regular Occupation*; and
> 2. not working for wages in any occupation for which *You* are or become qualified by education, training, or experience and which provides *You* with substantially the same earnings capacity as *Your* former earning

6

perform her prior work as a Insurance Sales Person. *Id*.

Thus, Hartford's finding that Philen was not disabled constitutes a factual determination, which, under established Fifth Circuit precedent, is subject to review for abuse of discretion.[3] The Court will weigh any conflict of interest (if established by the employee) as a factor in the analysis. *McDonald, supra*; *see also Wade, supra* (where the plaintiff solely asserts that his condition qualifies as a disability, the case hinges upon the administrator's factual determination, which is reviewed for abuse of discretion). Finally, whether the Plan accorded discretionary authority to Hartford to construe and interpret plan terms is neither relevant nor dispositive on the issue of the proper standard of review; therefore, the Court declines to proceed in the analysis.

2. **Plaintiff's request to certify the issue for interlocutory appeal.**

Plaintiff asks the Court to certify this issue for interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), if a district judge is of the opinion that an ". . . order invokes a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate

---

> capacity prior to the start of *Your Disability*.
> \*    \*    \*
> **Earnings Qualifier**
> You may be considered *Disabled* during and after *Elimination Period* in any month in which *You* are *Gainfully Employed*, if an injury or *Sickness* is causing physical or mental impairment to such a degree of severity that *You* are unable to earn more than 80% of *Your Monthly Earnings* in any occupation for which *You* are qualified by education training or experience. On each anniversary of *Your Disability*, *We* will increase the *Monthly Earnings* by the lesser of the current annual percentage increase in CPI-W, or 10%.

Plan, HART/PHILEN-00015.

[3] Abuse of discretion is synonymous with the arbitrary and capricious standard of review. *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651-652 (5th Cir. 2009) (citation omitted). "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence." *Id*.

appeal from the order may materially advance the ultimate termination of the litigation . . . [,]" then the court shall certify the issue to the Court of Appeals having jurisdiction over the matter.

The undersigned notes that the issue here is well settled under controlling Fifth Circuit precedent and accordingly, there is no "substantial ground for difference of opinion" despite the divergence of other Federal Circuits on the issue. *See McDonald, supra*; *see also Wade, supra*.

## Conclusion

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion for partial summary judgment [doc. 12] filed by Plaintiff Sherry Houck Philen be **DENIED** because Hartford's determination that Philen was not disabled is a factual determination that is subject to review for abuse of discretion, with the court weighing any conflict of interest (if established by the employee) as a factor in the analysis. It is further recommended that the court decline to certify the issue of the standard of review for interlocutory appeal.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE