# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

SHERRY HOUCK PHILEN                        CIVIL ACTION NO. 11-1609

VERSUS                                     JUDGE ROBERT G. JAMES

HARTFORD LIFE & ACCIDENT                   MAG. JUDGE KAREN L. HAYES
INSURANCE COMPANY

### RULING

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Sherry Houck Philen ("Philen") [Doc. No. 35] and Defendant Hartford Life & Accident Insurance Co. ("Hartford") [Doc. No. 42].  Magistrate Judge Hayes issued a Report and Recommendation ("Report") [Doc. No. 50] on February 19, 2013.  Philen filed Objections to Magistrate's Report and Recommendation ("Objections") on March 4, 2013 [Doc. No. 52], and Hartford filed a Response to Plaintiff's Objections on March 18, 2013 [Doc. No. 53].  For the following reasons, the Court adopts Magistrate Judge Hayes' Report in its entirety.  Hartford's Motion for Summary Judgment is GRANTED, and Philen's Motion for Summary Judgment and Motion for Attorney's Fees are DENIED.

## II.    LAW AND ANALYSIS

The Court reviews *de novo* a magistrate judge's report and recommendation if a party files specific, written objections within fourteen days of service. *See* 28 U.S.C. § 636(b)(1). In the present case, Philen timely filed her Objections to the Report, thus warranting *de novo* review by the Court.

The parties agree that the current case is governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.  In such cases, an "administrator's factual determinations are reviewed for abuse of discretion, regardless of the administrator's ultimate authority to determine benefit eligibility." *Chacko v. Sabre, Inc.*, 473 F.3d 604, 610 (5th Cir. 2006) (citations omitted). Moreover, when "a challenge to a denial of benefits . . . disputes whether an individual's conditions qualify as a disability, the inquiry involves factual determinations . . ." which is subject to review for abuse of discretion. *McDonald v. Hartford Life Group Ins. Co.*, 361 Fed. App'x. 599, 607 (5th Cir. Jan. 19, 2010) (unpubl.) (citing *Wade v. Hewlett–Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir. 2010)). Here, the Court previously ruled that an abuse of discretion standard of review applied to this action [Doc. No. 31].

In her Objections, Philen argues that the Court should not adopt the Report for three reasons.  First, Philen objects to the finding that Hartford's conclusion that Philen was no longer disabled within the meaning of the Policy was supported by substantial evidence.  Philen disagrees with the conclusions drawn from several medical reports and argues that too much weight was given to her ability to perform activities of daily living.  However, a review of the administrative record confirms that substantial evidence supports Hartford's determination.  The report by Dr. Majors, Philen's then-treating physician, noted that Philen had improved since her last evaluation and was doing well with her treatment and medication.  Dr. Patton's notes also support this conclusion.  Hartford elected to discount the diagnosis of Dr. Halim, but provided a reasonable basis for doing so.  Here, the Court's task is to determine whether Hartford abused its discretion in concluding that Philen was no longer disabled, and the Court concludes that it did

2

not. Philen may disagree with the conclusion reached by Hartford, but that conclusion is supported by substantial evidence.

Second, Philen objects to the finding that Philen is capable of performing the sedentary jobs listed by Hartford's vocational consultant, Marvin Bryant. Philen argues that the jobs identified by Mr. Bryant do not accommodate the limitations necessitated by her medical condition. She disagrees with the conclusions drawn from the evaluations by Dr. Mead and Dr. Brock. However, Philen fails to acknowledge that the Fifth Circuit has cautioned against courts inserting their own opinions of occupational requirements. "[T]he Plan Administrator, not the district court, is in the best position to balance conflicting evidence about the occupational requirements of various positions with the applicant's employer and in the relevant community." *Holland. v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 251 (5th Cir. 2009). Here, Mr. Bryant determined that several occupations met Philen's sedentary limitations, when they allowed for a sit/stand option to account for the restriction of four hours of sitting in intermittent fashion with rest periods. The Court declines Philen's invitation to substitute its opinion for that reached by Mr. Bryant.

Third, Philen objects to the finding that Hartford sufficiently considered her favorable Social Security award in making its determination that she was no longer disabled. Philen contends that Hartford's consideration of her favorable Social Security award was nothing more than a boiler plate acknowledgement indicative of a cursory review of this fact. Philen is correct that a plan administrator must consider a contrary Social Security award when making a benefits determination. However, the Fifth Circuit does not require an administrator "to give any particular weight to the contrary findings." *Schexnayder v. Hartford Life and Accident Ins. Co.*,

3

600 F.3d 465, 471 fn. 3 (5th Cir. 2010).  In *Schexnayder*, the Fifth Circuit concluded it was procedurally unreasonable for the plan administrator to deny benefits when it completely failed to acknowledge the contrary Social Security award.  Here, Hartford acknowledged Philen's Social Security Disability award and noted that its disability determination criteria were different from those used by the Social Security Administration.  Thus, it is clear that Hartford considered Philen's contrary Social Security award and satisfied the requirements of *Schexnayder*.

Finally, Philen also objects to the prior determination that an abuse of discretion standard of review applied to this case [Doc. No. 31], as well as the Order striking "Plaintiff's Opposition To Defendant's Motion For Summary Judgment And Reply To Defendant's Opposition To Plaintiff's Motion For Summary Judgment" [Doc. No. 48].  The Court has already addressed these objections and finds no extraordinary circumstances requiring the Court to consider them further.

## III.    CONCLUSION

For the foregoing reasons, the Court adopts in full Magistrate Judge Hayes' Report and Recommendation.  Hartford's Motion for Summary Judgment [Doc. No. 42] is GRANTED.  Philen's Motion for Summary Judgment [Doc. No. 35] and Motion for Attorney's Fees [Doc. No. 35] is DENIED.  Philen's Complaint [Doc. No. 1] is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 22nd day of March, 2013.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE